# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BOBBY HAMMONS, )
)
        Plaintiff, )
)
v. ) Case No. CIV-10-097-JHP
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Bobby Hammons (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 20, 1949 and was 59 years old at the time of the ALJ's decision. Claimant completed his education through the eighth grade. Claimant has worked in the past as an automobile mechanic, a truck driver, industrial cleaner, insulation

3

installer, and municipal maintenance worker. Claimant alleges an inability to work beginning July 1, 2004 due to limitations resulting from back, neck, and knee pain, hernia, and deteriorating eyesight.

**Procedural History**

On March 6, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 27, 2008, an administrative hearing was held before ALJ Edward L. Thompson in Ardmore, Oklahoma. On October 31, 2008, the ALJ issued an unfavorable decision on Claimant's application. On January 15, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform his past relevant work as an

automobile mechanic, truck driver, industrial cleaner, and municipal maintenance worker.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) finding Claimant retained the RFC to do the significant lifting required to perform medium work; and (2) making certain findings regarding the nature of Claimant's past relevant work.

**RFC Findings**

Claimant was involved in an automobile accident in 1993 and little information is available in the record regarding the effect of the event or the associated Social Security claim arising from it. (Tr. 25-26). On June 9, 2006, Claimant was evaluated by Dr. William Cooper, a consultative physician. At that time, Claimant was found to weigh 264 pounds and was 5'8" tall with a BMI of 40.1. Dr. Cooper found Claimant was obese. He assessed Claimant with chronic neck, low back, and right knee pain, a ventral hernia, and musculoskeletal chest pain for the prior two weeks. (Tr. 200-03). Dr. Cooper found no limitations in range of motion. (Tr. 204-07).

On December 8, 2006, Claimant sought treatment for chest heaviness, neck and shoulder pain, and nausea. He was found to weigh 273 pounds. He was prescribed medication for his shoulder. (Tr. 221-22).

5

On January 9, 2007, Claimant's weight was found to be 256 pounds when he reported for treatment of shoulder pain. He was found to have reduced range of motion of the right shoulder and pain with adduction. (Tr. 226).

On February 13, 2007, Claimant continued to report pain with range of motion in the right shoulder. His weight was 262 pounds. (Tr. 225).

On March 27, 2007, Claimant reported blood in the stool. His weight was 269 pounds. He continued with Lortab and Flexeril for his shoulder. (Tr. 224).

On February 19, 2008, Peggy Atwood, the physician's assistant who had been treating Claimant in his visits to the Family Health Center of Southern Oklahoma, completed a Medical Assessment of Ability to Do Work Related Activities (Physical) form on Claimant. Ms. Atwood worked under the supervision of Dr. T. E. Trout, who also signed the form. Ms. Atwood found Claimant could sit for up to one hour in an 8 hour workday and stand and walk for less than one hour. She estimated Claimant could not work 8 hours, could lift between 10 and 20 pounds with under 10 pounds repetitively and could not engage in fine manipulation. Under the comments section, Ms. Atwood found Claimant "has constant pain in shoulders, upper back, lower back & resting tremors." (Tr. 236).

In his decision, the ALJ found Claimant suffered from the severe impairments of back, neck, and knee pain, ventral hernia, hypertension, and rectal bleeding. (Tr. 15). He concluded Claimant retained the RFC to perform a full range of medium work. He found Claimant could occasionally lift and/or carry 50 pounds and frequently lift and/or carry 25 pounds, stand and/or walk for 6 hours in an 8 hour workday and sit for 6 hours in an 8 hour workday. (Tr. 16). The ALJ concluded Claimant had not received the type of medical treatment which on would expect for a totally disabled individual. (Tr. 18). Claimant did not seek medication for his condition until he saw Ms. Atwood and significant periods occurred when Claimant did not seek medication. (Tr. 19).

As for the medical source statement of Ms. Atwood, the ALJ gave it "very little weight" because "[t]here are no objective clinical findings to support the extreme limitations of sitting, standing and/or walking or any limitations in handling objects." (Tr. 19).

Claimant first contends the ALJ's finding that he suffers from severe impairments is inconsistent with the conclusion that he can perform a full range of medium work. This Court first rejects Claimant's reading of Hinkle v. Apfel, 132 F.3d 1349, 1351-52 (10th Cir. 1997) when he characterizes its holding as "an impairment that

limits a claimant to medium work is not a severe impairment that qualifies as a significant impairment for purposes of meeting the criteria of Listing 12.05(c)." The Tenth Circuit made no such specific finding in Hinkle.

This Court is concerned with the complete rejection of the Medical Source Statement provided by Ms. Atwood in light of the absence of other evidence in the record which supports the ALJ's ultimate conclusion regarding Claimant's ability to lift 50 pounds. The only specific medical opinion evidence in the record concerning Claimant's ability to lift is Ms. Atwood's statement. While the statement only qualifies as an "other source," it stands alone as opinion evidence provided by an acceptable medical source on the issue. Soc. Sec. R. 06-03p. No other evidence is cited by the ALJ to support his RFC conclusion on lifting.

Moreover, Claimant has consistently be found to be obese. On remand, the ALJ should determine whether Claimant's obesity in combination with his other medical conditions would affect his RFC evaluation.

### Evaluation of Claimant's Past Relevant Work

Claimant also contends the ALJ failed to evaluate whether Claimant's past work is vocationally relevant. He states he cannot drive because he lost his license after receiving a DUI. His work

as an automobile mechanic occurred prior to 1993 and is no longer relevant. During his time as an industrial cleaner, Claimant did not earn the minimum amount to be considered substantial gainful activity. He also contends the record is incomplete as to his earnings while he was a municipal maintenance worker.

In his decision, the ALJ simply relied upon the vocational expert to determine whether Claimant's past work qualified as relevant work. The vocational expert did not provide such an opinion. On remand, the ALJ shall evaluate Claimant's past work to determine whether it qualifies as substantial gainful activity.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court

9

based on such findings.

DATED this 12th day of July, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE